FILED
DECEMBER 14, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAL RUDDICK, TIMOTHY THOMAS ) <br> FELICIA BRYANT, BARRY CARR, ) <br> MOSHE DAVIS, and MARSHALL MAUER ) <br> as Trustees of THE SERVICE ) <br> EMPLOYEES INTERNATIONAL UNION ) <br> LOCAL 4, HEALTH & WELFARE FUND, ) <br> ) <br> and ) <br> ) <br> HAL RUDDICK, TIMOTHY THOMAS, ) <br> FLOYD SCHLOSSBERG and MARSHALL ) <br> MAUER as Trustees of THE SERVICE ) <br> EMPLOYEES INTERNATIONAL UNION ) <br> LOCAL 4, PENSION FUND, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> REGAL HEALTH & REHAB CENTER, INC., ) <br> ) <br> Defendant. ) | **07 C 7030** <br><br> **JUDGE DARRAH** <br> **MAGISTRATE JUDGE VALDEZ** |

## COMPLAINT

Plaintiffs HAL RUDDICK, TIMOTHY THOMAS, FELICIA BRYANT, BARRY CARR, MOSHE DAVIS and MARSHALL MAUER as Trustees of the SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4, HEALTH and WELFARE FUND ("Welfare Fund") and HAL RUDDICK, TIMOTHY THOMAS, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of the SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4, PENSION FUND ("Pension Fund"(collectively, the "Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their Complaint against REGAL HEALTH & REHAB CENTER, INC., state as follows:

## COUNT I

## FAILURE TO PAY EMPLOYEE BENEFIT CONTRIBUTIONS

1. The Funds are multiemployer benefit plans within the meaning of Section 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district.

2. Defendant REGAL HEALTH & REHAB CENTER, INC. (hereinafter the "Defendant Company"), is an Illinois corporation that is registered to do business in the State of Illinois. At all relevant times, the Defendant Company was doing business within this District and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. 1002(5).

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. 1132(e)(1) and (2), 29 U.S.C. 1002(5) and Section 101 of the Labor Management Relations Act, 29 U.S.C. 152(2) ("LMRA").

4. The Service Employees International Union, Local 4 ("SEIU") is a labor organization within the meaning of LMRA Section 101, 29 U.S.C.152(5) within the meaning of the LMRA Section 101, 29 U.S.C. 152.(5).

5. Upon information and belief, the Defendant Company is a party to a Master Agreement between SEIU and Illinois Association of Health Care Facilities, the most recent of which is effective by its terms from April 20, 2005 through December 31, 2007.

6. Under the terms of the collective bargaining agreement (the "Agreement"), the Defendant Company is required to make monthly contributions to the Welfare Fund on behalf of all of its full-time employees and on behalf of its part-time employees who elect coverage and are covered by the Agreement.

7. Under the terms of the collective bargaining agreement (the "Agreement"), the Defendant Company is required to make monthly contributions to the Pension Fund on behalf of its full-time and part-time employees covered by the Agreement.

8. The Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

9. Pursuant to the terms of the Funds' respective Trust Agreements and Collection Procedures, employers who fail to timely remit contributions when due, are liable to the Funds for interest at a rate of 1% compounded monthly, liquidated damages of 20% once a lawsuit is filed, audit costs, and all costs of collections including attorneys' fees and costs.

10. Notwithstanding its obligations under the Agreement and the Funds' respective Trust Agreements, as revealed pursuant to a payroll audit for the period of January 1, 2003 through October 31, 2006, the Defendant Company has failed to properly report and pay contributions to the Funds for all its employees covered under the Agreement.

11. Since at least January 2003, the Defendant Company has employed employees who performed work covered by the Agreement.

12. On or about July 2, 2007, the Defendant Company remitted partial payments to the Funds to be applied towards the audit amounts due; however, no payment has been received for the balance.

13. Based on the audit findings, the Agreement and the Trust Agreements, and after the partial payments are applied, the Defendant Company owes the following amounts for the period of January 1, 2003 through October 31, 2006, not including additional interest and

attorneys' fees or costs, which the Funds have incurred and are also owed:

|  | WELFARE | PENSION |
|---|---|---|
| Contributions (01/03-10/06) | $ 2,985.00 | $ 5,552.17 |
| Liquidated Damages | $ 597.00 | $ 555.22 |
| Interest | $ 1,648.67 | $ 2,629.28 |
| Audit Fees | $ 4,162.69 | $ 4,162.69 |
| Attorneys' Fees & Costs | $ 422.73 | $ 422.74 |
| Subtotal | $ 9,816.09 | $13,322.10 |
| Prior Payment | ($2,535.44) | ($ 5,290.44) |
| **Balance Due** | **$7,280.65** | **$ 8,031.66** |

14.     Additionally, for certain months during the period of August 2007 through the present, the Defendant Company has failed to timely report and pay contributions to one or both of the Funds; therefore, contributions, liquidated damages and interest are owed for those delinquent submissions.

15.     All conditions precedent to requiring payment of contributions to the Funds have been met.

16.     The Defendant Company's failure to correctly report and remit contributions to the Funds violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

17.     Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, audit costs and reasonable attorneys' fees and court costs.

18.     The Defendant Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on the unpaid contributions will continue to accrue until payment is made.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against REGAL HEALTH & REHAB CENTER, INC., as follows:

1. Finding that REGAL HEALTH & REHAB CENTER, INC., violated the Agreement;

2. Finding that REGAL HEALTH & REHAB CENTER, INC., is liable to the Funds for the delinquent contributions owed as revealed pursuant to the audit, interest, liquidated damages, audit costs and attorneys' fees and court costs.

3. Ordering REGAL HEALTH & REHAB CENTER, INC., to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages;

4. Ordering REGAL HEALTH & REHAB CENTER, INC., to pay to Plaintiffs all reasonable audit fees and attorneys' fees and costs incurred in pursuing collections; and

5. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361