IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAL RUDDICK, TIMOTHY THOMAS FELICIA BRYANT, BARRY CARR, MOSHE DAVIS, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4, HEALTH & WELFARE FUND, | ) ) ) ) ) ) ) | Case No. 07 C 7030 |
| and | ) ) | |
| HAL RUDDICK, TIMOTHY THOMAS, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4, PENSION FUND, | ) ) ) ) ) ) ) | Judge John W. Darrah  Magistrate Judge Valdez |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| REGAL HEALTH & REHAB CENTER, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

Plaintiffs HAL RUDDICK, TIMOTHY THOMAS, FELICIA BRYANT, BARRY CARR, MOSHE DAVIS and MARSHALL MAUER as Trustees of the SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4, HEALTH and WELFARE FUND ("Welfare Fund") and HAL RUDDICK, TIMOTHY THOMAS, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of the SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4, PENSION FUND ("Pension Fund"(collectively, the "Funds"), through their attorneys Dowd, Bloch & Bennett, pursuant to Fed.R.Civ.P. 55(b)(2), respectfully move this court for entry of default, in the form of the attached proposed order against the Defendant REGAL HEALTH & REHAB

CENTER, INC. (hereinafter the "Defendant Company").  In support of this motion, the Plaintiffs state as follows:

1. This is a claim against the Defendant Company for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. §1145.

2. The Funds filed its Complaint on December 14, 2007, seeking the following relief: (1) that the Defendant Company be found liable to the Funds for the delinquent contributions owed as revealed pursuant to the audit, interest, liquidated damages, audit costs and attorneys' fees and costs; (2) that the Defendant Company be ordered to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages; (3) that the Defendant Company be ordered to pay to the Funds all reasonable audit fees and attorneys' fees and costs incurred in pursuing collections; and (4) for such other legal and equitable relief as the Court deems just and proper.

3. The Defendant Company was served with a copy of the Complaint and Summons on January 22, 2008 and its Answer was due on February 11, 2008.  As the Defendant Company's registered agent could not be found with reasonable diligence at the registered office of record in Illinois, service on the Defendant Company was effectuated by filing BCA-5.25 with the Secretary of State.  The return of service was filed with the Clerk of the Court on February 1, 2008 and is attached as Exhibit "A."

4. As of the date that this Motion was filed, the Defendant had not filed an appearance or Answer or otherwise plead to the Complaint.

5. As alleged in the Complaint, upon information and belief, the Defendant Company is a party to successive Master Agreements ("Agreement") between SEIU and Illinois

Association of Health Care Facilities, the most recent of which is effective by its terms from April 20, 2005 through December 31, 2007 but has been extended through February 28, 2008. Pursuant to the Agreement, the Defendant Company is required to make contributions and monthly reports to the Funds in accordance with the Agreement.

6. Notwithstanding its obligations under the collective bargaining agreements, as revealed pursuant to an audit for the period of January 1, 2003 through October 31, 2006, the Defendant Company has failed to properly report and pay contributions owed to the Funds, thereby depriving the Funds of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

7. The Defendant Company made partial payment towards the audit amounts due; however, despite demand being made, no payment has been made for the balance.

8. The Defendant Company also has not remitted any reports and contributions to the Pension Fund for the work months of October 2007 and continuing through the present

9. Since at least January 1, 2003, the Defendant Company has employed employees who performed work covered by the Agreement.

10. All conditions precedent to requiring payment of contributions and submission of reports to the Funds have been met.

11. The Defendant Company's failure to properly make reports and contributions to the Funds violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

12. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Defendant Company is liable to the

Funds for unpaid contributions, dues, interest, liquidated damages, audit costs and reasonable attorneys' fees and court costs.

13. The Defendant Company is also obligated by the terms of the Agreement, to pay the attorneys' fees and costs incurred by the Funds for its efforts to collect these amounts from the Defendant Company.

WHEREFORE, the reasons stated above, the Plaintiffs respectfully request that this Court enter an order of Default against the Defendant REGAL HEALTH & REHAB CENTER, INC., and order that the Defendant submit its completed and accurate work reports for the months of October 2006 to the present and pay the sums revealed to be due, including contributions, interest and liquidated damages as well as the sums remaining due and owing pursuant to the audit.

Respectfully Submitted,

/s/ LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
Steve W. Jados
LaKisha M. Kinsey-Sallis
**DOWD, BLOCH & BENNETT**
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361