IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN OF ILLINOIS
EASTERN DIVISION

KC FILED
2-20-2008
FEB 20 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| HAL RUDDICK, TIMOTHY THOMAS FELICIA BRYANT, BARRY CARR, MOSHE DAVIS, and MARSHALL MAUER as Trustee of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4, HEALTH & WELFARE FUND, <br><br>and <br><br> HAL RUDDICK, TIMOTHY THOMAS, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustee of THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 4, PENSION FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> REGAL HEALTH & REHAB CENTER, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 07 CV 7030 |

### NOTICE OF FILING

TO:   J. Peter Dowd
      Dowd, Bloch & Bennett
      8 S. Michigan Ave., 19th Floor
      Chicago, IL 60603

PLEASE TAKE NOTICE that on the __20th__ day of __February__, 2008, I filed with the Clerk of the US District Court of the Northern District the attached Answer to Complaint.

By: /s/ Jeffrey K. Gutman
    Attorney for Defendant

### PROOF OF SERVICE

The undersigned certifies that a copy of this notice and the attached Answer to Complaint was duly served to the mentioned individuals on the attached service list at the mentioned address, with proper postage prepaid this __20th__ day of __February__, 2008.

By: /s/ Jeffrey K. Gutman

GUTMAN & ASSOCIATES
4018 N. Lincoln Avenue
Chicago, Illinois 60618
773/472-4500
Atty #14025

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN OF ILLINOIS
EASTERN DIVISION

FILED
2-20-2008
FEB 20 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

HAL RUDDICK, TIMOTHY THOMAS )
FELICIA BRYANT, BARRY CARR, )
MOSHE DAVIS, and MARSHALL MAUER )
as Trustee of THE SERVICE EMPLOYEES )
INTERNATIONAL UNION LOCAL 4, HEALTH )
& WELFARE FUND, )
)
and ) Case No.   07 CV 7030
)
HAL RUDDICK, TIMOTHY THOMAS, FLOYD )
SCHLOSSBERG and MARSHALL MAUER as )
Trustee of THE SERVICE EMPLOYEES )
INTERNATIONAL UNION LOCAL 4, PENSION )
FUND, )
)
Plaintiffs, )
)
vs. )
)
REGAL HEALTH & REHAB CENTER, INC., )
)
Defendant. )

## ANSWER TO COMPLAINT

**REGAL HEALTH & REHAB CENTER, INC.**, by and through its attorney, Jeffrey K. Gutman of Gutman and Associates LLC answers the Plaintiff's complaint and states as follows:

### COUNT I

### FAILURE TO PAY EMPLOYEE BENEFIT CONTRIBUTIONS

1. The funds are multiemployer benefit plans within the meaning of Section 3(3) and 3(37) of the Employee retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S. 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within the district.

**ANSWER:** The Defendant admits the allegations of Paragraph 1.

2. Defendant REGAL HEALTH & REHAB CENTER, INC. (hereinafter the "Defendant Company"), is an Illinois corporation that is registered to do business in the State of

1

Illinois. At all relevant times, the Defendant Company was doing business within the District and was an employer within the meaning of ERISA Section 3(5), 29 U. S. C. 1002(5).

**ANSWER:** **The Defendant admits the allegations of Paragraph 2.**

3. Jurisdiction and venue are vested in this Court under ERISA Section 502(e)(1) and (2), 29 U.S.C. 1132(3e)(1) and (2), 29 U.S.C. 1002(5) and Section 101 of the Labor Management Relations Act, 29 U.S.C. 152(2) ("LMRA").

**ANSWER:** **The Defendant admits the allegations of Paragraph 3.**

4. The Service Employees International Union, Local 4 ("SEIU") is a labor organization within the meaning of LMRA Section 101, 29 U.S.C. 152(5) within the meaning of the LMRA Section 101, 25 U.S.C. 152(5).

**ANSWER:** **The Defendant admits the allegations of Paragraph 4.**

5. Upon information and belief, the Defendant Company is a party to a Master Agreement between SEIU and Illinois Association of Health Care Facilities, the most recent of which is effective by its terms from April 20, 2005 through December 31, 2007.

**ANSWER:** **No agreement was attached to the Complaint; thus, the Defendant lacks information to admit or deny at this time the allegations of Paragraph 5.**

6. Under the terms of the collective bargaining agreement ("the Agreement"), the Defendant Company is required to make monthly contributions to the Welfare Funds on behalf of all of its full-time employees and on behalf of its part-time employees who elect coverage and are covered by the Agreement.

**ANSWER:** **No agreement was attached to the Complaint; thus, the Defendant lacks information to admit or deny at this time the allegations of Paragraph 6.**

7. Under the terms of the collective bargaining agreement ("the Agreement"), the Defendant Company is required to make monthly contributions to the Pension on behalf of its full time and part-time employees covered by the Agreement.

**ANSWER:** **No agreement was attached to the Complaint; thus, the Defendant lacks knowledge or information to admit or deny the allegations of Paragraph 7.**

8.  The Agreement also requires the Defendant company to submit monthly remittance reports in which the Defendant Company, inter alia, identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

**ANSWER:** **No agreement was attached to the Complaint; thus, the Defendant lacks knowledge or information to admit or deny the allegations of Paragraph 8.**

9.  Pursuant to the terms of the Funds's respective Trust Agreement and Collection Procedures, employers who fail to timely remit contributions when due, are liable to the Funds for interest at a rate of 1% compounded monthly, liquidated damages of 20% once a lawsuit is filed, audit costs, and all costs of collections including attorney's fees and costs.

**ANSWER:** **No agreement was attached to the Complaint; thus, the Defendant lacks knowledge or information to admit or deny the allegations of Paragraph 9.**

10.  Notwithstanding its obligations under the Agreement and the Funds' respective Trust Agreements, as revealed pursuant to a payroll audit for the period of January 1, 2003 through October 31, 2006, the Defendant company has failed to properly report and pay contributions to the Funds for all its employees covered under the Agreement.

**ANSWER:** **The Defendant denies the allegations of Paragraph 10.**

11.  Since at least January 2003, the Defendant Company has employed employees who performed work covered by the Agreement.

**ANSWER:** **The Defendant denies the allegations of Paragraph 11.**

12.  On or about July 2, 2007, the Defendant Company remitted partial payments to the Funds to be applied towards the audit amounts due; however, no payment had been received for the balance.

**ANSWER:** The Defendant admit payments were made and denies the remaining allegations of Paragraph 12.

13. Based on the audit findings, the Agreement and The Trust Agreements, and after the partial payments are applied, the Defendant Company owes the following amounts for the period of January 1, 2003 through October 31, 2006, not including additional interest and attorney's fees or costs, which the Funds have incurred and are also owed:

|  | WELFARE | PENSION |
|---|---|---|
| Contributions (01/03-10/06) | $ 2,985.00 | $ 5,552.17 |
| Liquidated Damages | $ 597.00 | $ 555.22 |
| Interest | $ 1,648.67 | $ 2,629.28 |
| Audit Fees | $ 4,162.69 | $ 4,162.69 |
| Attorney's Fees & Costs | $ 422.73 | $ 422.74 |
| **Subtotal** | $ 9,816.09 | $13,322.10 |
| Prior Payment | ($ 2,535.44) | ($ 5,290.44) |
| **Balance Due** | **$ 7,280.65** | **$ 8,031.66** |

**ANSWER:** The Defendant denies the allegations of Paragraph 13.

14. Additional, for certain months during the period of August 2007 through the present, the Defendant company has failed to timely report and pay contributions to one or both of the Funds, therefore, contributions, liquidated damages and interest are owed for those delinquent submissions.

**ANSWER:** The Defendant denies the allegations of Paragraph 14.

15. All conditions precedent to requiring payment of contributions to the Funds have been met.

**ANSWER:** The Defendant denies the allegations of Paragraph 15.

16. The Defendant Company's failure to correctly report and remit contributions to the Funds violates ERIDA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

**ANSWER:** The Defendant lacks knowledge or information and demands to admit or deny the allegations of Paragraph 16.

17. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(G)(2), the terms of the

4

Agreement, and the Funds governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, interests, liquidated damages in the amount of 20%, audit costs and reasonable attorney's fees and court costs.

**ANSWER:** **The Defendant denies the allegations of Paragraph 17.**

18. The Defendant Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on the unpaid contributions will continue to accrue until payment is made.

**ANSWER:** **The Defendant lacks knowledge or information to admit or deny the allegations of Paragraph 18.**

### PRAYER FOR RELIEF

**WHEREFORE,** REGAL HEALTH & REHAB CENTER, INC., prays that this action be dismissed.

Respectfully submitted,

REGAL HEALTH & REHAB CENTER INC.

By: /s/ Jeffrey K. Gutman
One of its attorneys

Jeffrey K. Gutman
Gutman and Associates LLC
4018 N. Lincoln Ave.
Chicago, IL 60618
Tel. No. 773/ 472-4500
Atty. No. 14025

5